## J. F. O'HARA v. U. B. MUT. AID SOCIETY.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS
OF LUZERNE COUNTY.

Argued April 15, 1890—Decided April 28, 1890.

(a) In an action on a policy of insurance containing a covenant that un-
true statements in the application should render the policy void, there
was testimony presented by the defendant to the effect that certain
statements in the application were false, but there was rebutting testi-
mony tending to contradict that so presented:

1. In such case, though the testimony that the statements were untrue was
plain and direct, it was not error to refuse to charge that "there being
no evidence presented that amounts to a contradiction, the plaintiff can-
not recover." Under the circumstances disclosed, the questions of fact
were for the jury.

2. Where judgment was entered on the verdict of a jury, rendered after a
trial at bar, and execution at once issued, it was not error to refuse to
stay the execution as violative of § 6, act of March 11, 1809, P. L. 17,
providing that in certain cases execution shall not issue within three
weeks, unless by leave of court.

Before STERRETT, GREEN, CLARK, WILLIAMS and McCOL-
LUM, JJ.

Nos. 73, 74 January Term 1890, Sup. Ct.; court below, Nos.
187, 188 May Term 1882, C. P.

On March 28, 1882, two actions of debt on policies of insur-
ance were brought against the United Brethren Mutual Aid
Society. At the time of the trial reported here, the plaintiff
in one action was John F. O'Hara; and in the other, John F.
O'Hara, administrator of Mary T. O'Hara, deceased. Issue.

At a second trial of the two causes together on March 10,
1887, verdicts were rendered for the plaintiffs. The judgments
entered thereon, however, were reversed by the Supreme Court,
with venires de novo, on April 30, 1888: U. B. Mut. Aid Soc.
v. O'Hara, 120 Pa. 256.

At the third trial of the cases, together, on October 11, 1889,
it was made to appear that on April 23, 1881, Bernard O'Hara,
the father of John F. O'Hara and the husband of Mary T.
O'Hara, obtained two certificates of membership or policies of

Charge of Court below.

insurance from the defendant company, each for $1,000, one for the benefit of his wife, and the other for the benefit of John F. O'Hara.   The policies were alike in their provisions and contained the following covenant:

"It is also understood and agreed by the person named in this certificate that if the proposals, answers, declarations and representations, made by the aforementioned member in his application for membership, and which are hereby made part and parcel of this certificate as if duly herein recited, and upon the faith of which this agreement is made, shall be found in any respect untrue, then and in such case this certificate shall be null and void."

Testimony was introduced by the defendant tending to show that, in his applications for the certificates, the assured had falsely represented that his habits of life were temperate, that he had never been affected with asthma, or dropsy, or other disease, that he had not been attended by a physician within the year previous to his application, and that he had no family physician.   Rebutting testimony upon these subjects was adduced by the plaintiff.

At the close of the testimony, the court, after stating the covenant quoted, supra, proceeded to charge the jury as follows:

The application referred to in that covenant contains certain questions and answers.   The insured, Mr. O'Hara, warranted the truthfulness of those answers.   It is not a question whether he intentionally defrauded the company, or whether he knowingly made false representations as to matters of fact to which the questions related; but, whether or not the answers were true.   For if any answer to any of those questions were untrue, the plaintiff cannot recover, although the answer may not have related to any matter or condition of health which caused the death of Bernard O'Hara, and although he may have made the answers honestly; so that, you will observe, the question is not one of fraud, but of the truthfulness of the answers, which, as we have said, was warranted by the covenant of the assured.

[Now, among the questions and answers which the application contains are these: "When and where born?   Answer, 1822, April 22d, Sligo, Ireland.   What is your age and occu-

pation? Answer, Fifty-nine years; miner." It has been sug--
gested here that his answer was untrue, that instead of being
59 years of age he was 60 years of age. We say to you that
it is incumbent upon the defendant to establish the untruthful-
ness of the answer. Was the answer true? Or, has it been
shown to your satisfaction to be untrue? The only testimony
bearing upon the subject, as I recollect it, is the testimony of
John O'Hara, who swears that his father was 59 or 60 years
of age, but that he is not positive which. His testimony given
upon another trial as to his father's age has also been put in
evidence, and you will remember what that was. It is con-
tended upon the part of the defendant that then John F.
O'Hara testified positively that his father was 60 years of age.
It is not for us to determine what the effect of that is.] [3] We
say to you that it is incumbent upon the defendant to show
that his answer in this respect is untrue. If it is shown that
fact to your satisfaction, then it would prevent a recovery by
the plaintiff here, although it might not make any very ma-
terial difference whether he was 59 or 60 years of age. It is
a question of contract.

[The application contains another question and answer as
follows: " Have you had any medical attendance within the
last year prior to this date; if so, for what disease? Give
name and address of the doctor in full. Answer, No." If
Bernard O'Hara had medical attendance within the year prior
to the time when this insurance policy was issued, then that
answer was untrue, and the plaintiff is not entitled to recover.
The covenant was put into the policy for a very plain purpose;
in order that in case the insured had received medical attend-
ance the Insurance Company might inquire of the medical at-
tendant as to the nature of the disease, and as to its effect.
upon him as a proper risk to be taken by the company. Now,
this is a question of fact to be determined by you from the
credible testimony in the cause. It is not for us to say what
your conclusions shall be from the testimony. It is alleged on
the part of the defendant, and Dr. Whitney has so testified,
that in the fall and winter of 1880 and 1881, he attended Ber-
nard O'Hara, and it is claimed further, that on September 24,
1880, he gave to Bernard O'Hara a prescription, which has
been offered in evidence, for quinine. In determining as to

Charge of Court below.

the truth of this testimony, you are to take into consideration everything which would tend to show, in the first place, whether or not the witness is truthful, whether he intends to tell the truth. You will also take into consideration any circumstances which may tend to corroborate him in his testimony. You are also to bear in mind that the materiality of this particular answer relates to and depends upon what took place within the year prior to the time when the application was made. It is not for us to argue the case. We may suggest, however, that it is not impossible that the medical attendant may have been mistaken as to the year, and be entirely truthful as to the fact of his having at some time attended the insured; so that it would not do for us to assume your functions and decide the question of fact, as we have been requested to do by the defendant's counsel. Was the witness truthful? Does he recollect distinctly and positively? Is he corroborated by the circumstances? Is he contradicted in any material particular? We call your attention to the testimony as to the circumstances under which it is alleged he gave this prescription. If I recollect, he says that Mrs. O'Hara and, he believes, the daughter were present when it was given. You have heard their testimony upon that subject, denying any recollection, at least, of his having been present and giving any prescription in their presence. I cannot go any further into this subject without intrenching upon the ground which properly belongs to you, and I therefore submit it for your decision.] [1] Did Dr. Whitney, within a year prior to April 22, 1881, attend upon Bernard O'Hara? If he did, then there could be no recovery in either of these cases. And it is not important, so far as this particular question is concerned, whether the disease for which he was then called was one which subsequently caused the death of the insured or not. . . . .

Defendant's counsel request us to charge you upon the following points:

1. That the plaintiff has not shown such a case in pleading and evidence as is necessary to entitle him to recover.

Answer: We answer that point in the negative.[5]

9. The evidence being plain and direct that Bernard O'Hara had medical attendance within a year prior to his making application for membership in the company defendant, and there

Arguments.

being no evidence presented that amounts to a contradiction of this, the plaintiff cannot recover.

Answer: We answer that point in the negative. We cannot say that there is no evidence in contradiction, and the credibility of the witnesses is for you. [2]

10. Under all the evidence in the case, the verdict should be for the defendant.

Answer: We decline to charge as requested in this point. It is a question of fact to be decided by you, under the instructions as to the law that we have given to you. [4]

The jury returned a verdict in each case in favor of the plaintiff for $1,403.60. Judgments having been entered on the verdicts, the defendant took these appeals, specifying that the court erred:

1, 3. In the portions of the charge embraced in [ ] [1] [3]

2, 4, 5. In the answers to defendant's points.[2] [4] [5]

6. In discharging the rule to show cause why the executions issued in these cases, on the same day the judgments were entered, should not be stayed at the costs of the plaintiff.*

*Mr. A. Ricketts* (with him *Mr. S. P. Light*), for the appellant.

Upon the question of warranty of the representations, counsel cited: U. B. Mut. Aid Soc. v. White, 100 Pa. 12; U. B. Mut. Aid Soc. v. O'Hara, 120 Pa. 256. That the charge was misleading, and therefore was error: Stall v. Meek, 70 Pa. 181; Fawcett v. Fawcett, 95 Pa. 376; U. B. Mut. Aid Soc. v. O'Hara, 120 Pa. 256. As to the effect of the physician's testimony: Kelly v. Jackson, 6 Pet. 622; United States v. Wiggins, 14 Pet. 335; Youngman v. Miller, 98 Pa. 196; Lyon v. Marclay, 1 W. 271; Mead v. Conroe, 113 Pa. 226. That the court erred in discharging the rules to show cause why the

---

* It was stated in the argument for the appellant, though not brought upon the record by a bill of exceptions, that on the same day judgments were entered on the verdicts the plaintiff issued executions, in violation, as was claimed, of § 6, act of March 11, 1809, 5 Sm. L. 17; and that after the writs of certiorari were obtained from the Supreme Court, rules granted to show cause why the executions should not be stayed were discharged.

'executions should not be stayed : Act of March 11, 1809, § 6, P. L. 17.

*Mr. John T. Lenahan* (with him *Mr. John Lynch*), for the appellee.

That the case presented was for the jury, counsel cited: Howard Exp. Co. v. Wile, 64 Pa. 201; Egbert v. Payne, 1 Penny. 351; Hill v. Trust Co., 108 Pa. 1; Riegel v. Wilson, 60 Pa. 388; Bartley v. Williams, 66 Pa. 329; Cullum v. Wagstaff, 48 Pa. 300. That the charge was not misleading: Lehigh V. R. Co. v. Brandtmaier, 113 Pa. 610; Dimmick v. Sexton, 125 Pa. 334.

## NO. 73.

Per Curiam:

This action is on a policy of insurance for $1,000, issued by defendant company on the life of Bernard O'Hara for the benefit of his son, John F. O'Hara, the plaintiff. The policy or certificate of membership contains a provision that if any answer or representation, made by the insured in his application, is in any respect untrue, the policy shall be null and void. It was alleged by the company that the insured had violated this provision, in that he had falsely represented that his habits of life were temperate; that he had never. been afflicted with asthma or dropsy, or any other disease; that he had not had any medical attendance during the year prior to his application, and that he had no family physician. On the trial, evidence tending to sustain these allegations was introduced by the defendant company. To meet this, rebutting evidence was introduced by the plaintiff, and thus questions of fact were presented that were clearly for the jury. The case was submitted to them by the learned president of the Common Pleas in a clear and comprehensive charge, in which all the questions involved were fully and fairly presented.

The first and third specifications are to portions of the charge therein recited. There appears to be no error in either of them. As a whole, and in all its parts, the charge was quite as favorable to the defendant company as the circumstances of the case warranted.

The subjects of complaint in the fourth and fifth specifica-

tions are the refusal of the court to affirm defendant's first and tenth points, in each of which the learned judge was virtually requested to withdraw the case from the jury, and direct a verdict for defendant. Both points were rightly refused. To have done otherwise would have been manifest error.

The sixth specification is so clearly without merit that it requires no further notice.

In defendant's ninth point, covered by the second and only remaining specification of error, the court was requested to charge as follows, viz. :

" The evidence being plain and direct that Bernard O'Hara had medical attendance within a year prior to his making application for membership in the company defendant, and there being no evidence presented that amounts to a contradiction of this, the plaintiff cannot recover."

That point was predicated of the evidence of Dr. Whitney, who testified, in substance, that he had attended Bernard O'Hara, as well as other members of his family, professionally, within a year prior to April 23, 1881, the date of his application for the insurance. In view of other evidence in the cause tending to create a doubt as to the correctness of Dr. Whitney's testimony as to the time he attended the insured, etc., the learned judge rightly refused to affirm the point, and said: " We cannot say that there is no evidence in contradiction, and the credibility of the witnesses is for you." Under the circumstances disclosed by the evidence, the court had no right to assume that the witness was not mistaken, or to say that his testimony should be accepted and acted on as verity.

The case was ably and fairly tried, and the jury, by their verdict, have settled in plaintiff's favor all the questions of fact upon which his right to recover depended.

Judgment affirmed.

## NO. 74.

PER CURIAM:

In the court below and here, this case was tried with No. 73 of this term, in which an opinion has just been filed. The right of the plaintiff to recover depended on the same facts and principles that were involved in that case. For reasons

Statement of Facts.

given in the opinion referred to, there is nothing in either of the specifications of error, which are the same in both cases, that would warrant a reversal of the judgment.

Judgment affirmed.